Nitty Gritty Dirt, LLC
PO Box 384
Belgrade, MT 59714
Telephone (406) 570-5678
E-mail: slcavanaughinc@msn.com

DEBTOR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

IN RE:                                )
                                      )   Case No. 14-61111-7
NITTY GRITTY DIRT, LLC                )
                                      )                    **NOTICE OF HEARING**
            Debtor.                   )   Chapter 7        Date: 11-06-2014
                                      )                    Time:  10:00 a.m.
                                                           Location: 400 N. Main
                                                                     Room 215
                                                                     Butte, MT 59701

---

### OBJECTION TO MOTION TO DISMISS; AND NOTICE OF HEARING

---

**COMES NOW**, the Debtor, and hereby submits its objection to United States Trustee's

Motion to Dismiss for the following reasons.  In the alternative the Debtor requests that it be

allowed to retain counsel not later than seven (7) days prior to Debtor's 341 Hearing.

### Brief in Support

### Argument

A.      The United States Trustee claims this Court should dismiss the above captioned

case citing *United States v. High Country Broadcastng Co.*, 3 F.3d 1244 (9th Cir. 1993)  and

stating 1) an LLC cannot appear in federal court without being represented by an attorney, 2)

the petition was not signed by an attorney, and 3) no attorney has entered an appearance on

behalf of the Debtor.

Currently the general rule is that only a licensed attorney may appear for or represent

a corporation or limited partnership.  However there are exceptions to this rule, when; (1) the

case is in Small Claims Court; (2) there are extraordinary circumstances *Church of the New*

1

*Testament v. United States 783 F.2d 771 (9th Cir. 1986)*; or, (3) the Court contradicts the absolute rule and recognize that corporations may be represented in court by a non-attorney. *Victors Publishers, Inc., 545 F.2d 285, 286 (1st Cir. 1976).*

Recently a series of federal court decisions have addressed the question of a non-profit corporation's ability to practice law. Specifically, the courts have focused on the ability of an organization to be represented in court by a non-attorney. These decisions have recognized a general rule that a for-profit corporation may not represent itself in *propria persona*, and have applied this rule to non-profit corporations.

The traditional rule regarding for-profit corporations is that they must be represented by a licensed attorney in courts of law. This rule was recognized very early in American jurisprudence in *Osborn v. President, Directors & Co. of the Bank of the United States.* In dictum, Chief Justice Marshall stated, "It is admitted, that a corporation can only appear by attorney." This rule had been deemed consistent with *28 U.S.C. § 1654 (1982),* which states, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." This is true in spite of *1 U.S.C § 1 (1982)* which states, "In determining the meaning of any Act of Congress, unless the context indicates otherwise. . . the words 'person' and 'whoever' include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." *Move, 555 F. Supp. At 691.* Additionally, this general rule against non-attorney representation is not only recognized in the federal courts, but also has been recognized by state courts.

A number of courts have stated their rationale for upholding the rule prohibiting for-profit corporations from representing themselves *pro se*. One such rationale noted by the courts is that a corporation is merely fictional, lacking substance, and therefore is incapable of representing itself. *K.M.A. Inc. v. General Motors Acceptance Corp., 652 F.2d 398, 399 (5th Cir. 1981).* Courts have so held, even when the individual attempted to represent the corporation is that corporation's president and majority stockholder. A second rationale for prohibiting a non-attorney to represent the corporation is that it will result in confusion of the legal issue

before the court. *Simbraw, Inc. v. United States, 367 F.2d 373, 375 (3rd Cir. 1966).* In addition, by allowing a non-attorney to represent the corporation, a great deal of control over the management and administration of a case is lost because the non-attorney is not an officer of the court. Finally, an overriding justification for this rule seems to be that if a party chooses the benefits of incorporation, then he "must now bear the burdens of the incorporation." Such rationale is obviously persuasive, and lends credibility to the rule that for-profit corporations must be represented in court by attorneys.

As described earlier, the general rule concerning representation of a for-profit corporation has been applied to non-profit corporations. The most notable application of the rule is found in *Move Organization v. United States Department of Justice.* This case involved the highly publicized police actions in Philadelphia, Pennsylvania in the spring of 1976. In *Move,* a civil rights organization filed suit against federal and state agencies seeking damages for a number of alleged brutal actions taken by law enforcement officials. After discussing the allegations contained in the complaint, the federal district judge dismissed the complaint. As grounds for dismissal, the judge stated, "the courts have repeatedly held that corporations and other organizations must be represented by counsel." Through this dismissal the judge effectively applied the general rule regarding for-profit corporations to the non-profit setting.

Further, the Ninth Circuit in *Church of the New Testament v. United States 783 F.2d 771 (9th Cir. 1986)* recognized the rule regarding improper representation. In this case, the pastor of the church sought to represent the church and its members in judicial proceedings. Specifically, the church was seeking a declaratory judgment against the Internal Revenue Service for failure to recognize its tax-exempt status. After affirming the district court's dismissal for lack of subject matter jurisdiction under the Declaratory Judgment Act, the court turned its attention to the issue of improper representation. It said, "[u]nincorporated associations, like corporations, must appear through an attorney; ***except in extraordinary circumstances***, the corporation cannot be represented by lay-persons." The court obviously recognized the general rule, but carefully couched the language to allow for exceptions.

To a limited extend, for-profit corporations have been allowed to appear without being represented by an attorney. The most obvious example is *pro se* representation in small claims court. *5 J. Legal Prof. at 224-225.* Also, some decisions seemingly contradict the absolute rule and recognize that corporations may be represented in court by a non-attorney. *Victors Publishers, Inc., 545 F.2d 285, 286 (1ˢᵗ Cir. 1976).* Finally, lay representation is sometimes allowed before administrative tribunals. *5 J. Legal Prof. at 225.* These exceptions appear to show a general willingness to allow non-attorney representation of a for-profit corporation in a courtroom setting, as long as the advocate is competent. These exceptions seem to be equally applicable to the non-profit setting, and may be the exceptions the Ninth Circuit was referring to in *Church of the New Testament.*

A unique exception to the general rule concerning non-profit corporations has been statutorily created in New York. The applicable part of the New York statute states:

§ 1403 Corporations for the prevention of cruelty. . .

(b) Special Powers. (1) A corporation  formed for the purpose of preventing cruelty to children may prefer a complaint before any court, tribunal or magistrate having jurisdiction, for the violation of any law relating to or affecting children, and may aid in presenting the law and facts to such court, tribunal or magistrate in any proceeding therein.
(2) A corporation formed for the purpose of preventing cruelty to animals may prefer a complaint before any court, tribunal or magistrate having jurisdiction, for the violation of any law relating to or affecting the prevention of cruelty to animals, and may aid in presenting the law and facts to such court, tribunal or magistrate in any proceeding therein.
(3) A corporation for the prevention of cruelty of children may be appointed guardian of the person of a minor child during its minority by a court of record, or a judge thereof, and may receive and retain any child at its own expense on commitment by a court or magistrate.
(4) All magistrates and peace officers shall aid such a corporation, its officers, agents and members in the enforcement of laws relating to or affecting children, and for the prevention of cruelty to animals. *N.Y. Not-For-Profit Corp. Law § 1403 (McKinney 1970).*

Important observations may be made about the New York statute. First, it allows non-attorneys to present law and facts to the court in a criminal proceeding. Secondly, it explicitly requires the legal establishment to aid a non-profit corporation. Finally, the statute authorizes the non-profit corporation to represent the rights of other parties, not just those of the

corporation.  This final observation skips over the issue of self representation, and moves forward into the area of non-profit corporations representing other interests.  This statute clearly provides standing to non-attorneys who would be prohibited by the general rule concerning for-profit corporations.

Generally, a for-profit corporation must be represented in court by a licensed attorney. The current trend toward applying this rule to non-profit corporations is still in its early stages. Aside from these exceptions, there is public policy in favor of legally aiding non-profit corporations.  The most obvious and arguably most important example of this policy is the federal tax-exempt status which is allowed non-profit corporations. *26 U.S.C § 501 (1982).*  A second example of the preferred status of non-profit organizations is found in In *re Primus. 436 U.S. 412 (1978).*  In this case, the United States Supreme Court held that an attorney, acting as a representative of a non-profit organization, may inform individuals of their potential legal rights, and that the attorney's actions were protected from disciplinary proceedings for solicitation by the First Amendment *Id* at 432-433.  These two examples demonstrate legislative and judicially created methods of encouraging the aid of non-profit organizations in advancing their interests within a legal setting.  The recognized exceptions to the rule of corporate representation by attorneys, and the clear public policy in favor of non-profit organizations mandates a close examination of the applicability of the corporate representation rule to the non-profit setting.

The *pro se* representation of a corporation in small claims court contradicts the absolute rule that a corporation must be represented by an attorney.  Furthermore recent court decisions have provided exceptions for non-attorney representation of a corporation *Victor Publishing, Inc., 545 F.2d 285, 286 (1st Cir. 1976)* in extraordinary circumstances. *Church of the New Testament v. United States 783 F.2d 771 (9th Cir. 1986).*

## CONCLUSION

For the reasons set forth above Steven L. Cavanaugh, managing member for Nitty Gritty Dirt, LLC, respectfully requests that this Court allow *pro se representation* in this case as the recent real estate meltdown coupled with the current economic conditions are historical and

extraordinary and have stripped the Debtor of the funds needed to retain counsel.
Furthermore, at issue is whether or not the mere filing of the petition constitutes an
appearance.  Debtor respectfully requests this Court to deny U.S. Trustee's motion to
dismiss. In the alternative Debtor requests that it be given the opportunity to retain counsel not
later than seven (7) days prior to the Debtor's 341 Hearing.

     **RESPECTFULLY** submitted this 6th day of October, 2014.

            **Nitty Gritty Dirt, LLC**

            Steven L. Cavanaugh, Managing Member

1

2

**CERTIFICATE OF SERVICE**

3

       I, the undersigned, Steven L. Cavanaugh, does hereby certify under penalty of perjury

4

that a copy of the foregoing **Objection to Motion to Dismiss; and Notice of Hearing** was duly

5

served upon all parties and interested persons of record by mailing a copy thereof sent by first

6

class mail, postage prepaid, to them or their attorneys at the address set forth below on the 6th

7

day October, 2014.

8

9

10                                      BY: _____

11                                          Steven L. Cavanaugh

12    Neal G. Jensen
13    Office of the United States Trustee
      Liberty Center, Suite 204
14    301 Central Avenue
15    Great Falls, MT 59403

16    Martin King
17    Worden Thane P.C.
      POBox 4747
18    Missoula, MT 59806

19    Steven L. Cavanaugh
20    PO Box 384
      Belgrade, MT 59714

21

22

23

24

25

26

27

28