Hon. James P. Reynolds
228 Broadway
Helena, MT 59601
Phone: 447-8205
Fax: 447-8421



COPY NO._____
FILED

APR 1 6 2014

CLERK ERIE J. HORNSVELD
DEPUTY AUDREY PLYMALE

MONTANA FIRST JUDICIAL DISTRICT COURT, BROADWATER COUNTY

| | |
|---|---|
| FIRST MONTANA BANK, INC., formerly known as First National Bank of Montana, Inc. | Cause No. 11-14 |
| Plaintiff, | **JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE** |
| -vs- | |
| STEVEN L. CAVANAUGH; SUSAN L. CAVANAUGH; STEVE CAVANAUGH LIMITED PARTNERSHIP; ROLLING GLEN RANCH CORPORATION; NITTY GRITTY DIRT, LLC; RGR HOMES, INC.; DOE DEFENDANTS 1 THROUGH 20 INCLUSIVE | |
| Defendants. | |

Pursuant to this Court's Order Granting Default Judgment dated and filed March 10, 2014, a Judgment, Decree of Foreclosure and Order of Sale is hereby entered as follows:

**JUDGMENT**

1. Judgment is hereby entered in favor of Plaintiff First Montana Bank, Inc., formerly known as First National Bank of Montana, Inc. (hereinafter "FMB") and against Defendants Steve Cavanaugh Limited Partnership and Rolling Glen Ranch Corporation as borrowers; and Steven L. Cavanaugh; Susan L. Cavanaugh; Nitty Gritty Dirt, LLC; and RGR Homes, Inc. as

JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE                                    Page 1

WORDEN THANE P.C. APR 2 1 2014



EXHIBIT
A

guarantors, all jointly and severally, under that certain Promissory Note dated April 26, 2006,
attached as Exhibit A to the Plaintiff's Complaint; the Commercial Guaranty Agreement attached
as Exhibit E to the Plaintiff's Complaint; as well as the Stipulation entered into by FMB and
Steve Cavanaugh Limited Partnership on October 1, 2009, and approved by the Bankruptcy
Court on October 7, 2009, in Case No. 08-61002-11, attached as Exhibit F to the Plaintiff's
complaint, and the Supplemental Affidavit of Tom Giblin dated April 8, 2014, in the following
sums:

| | |
|---|---|
| Principal | $103,873.46 |
| Interest to October 28, 2013 (18% per annum) | $21,286.83 |
| Interest from Oct. 28, 2013 - April 3, 2014 (18% per annum) | $8,154.07 |
| Advance for Litigation Guarantee | $633.00 |
| Late Charges | $142.48 |
| Attorney fees allowed FMB as part of the Cavanaugh bankruptcy petition | $4,957.00 |
| Real Property Taxes Advanced | $12,753.35 |
| Homeowner Association Assessments Advanced | $810.00 |
| **Total due as of April 3, 2014** | **$152,610.19** |

As allowed by Montana law, all principal, interest, late charges, and other expenses
incurred enforcing and protecting the security shall be consolidated and become part of the
principal balance of the judgment such that the new principal balance of the judgment is now
hereby the sum of **One Hundred Fifty-two Thousand Six Hundred Ten and 19/100 Dollars**
(**$152,610.19**), plus Plaintiff's reasonable attorney fees and costs of suit.

2. Interest shall accrue against the new principal balance of the judgment at eighteen
percent (18%) per annum beginning April 4, 2014 until paid.

3. Defendants Steven L. Cavanaugh; Susan L. Cavanaugh; Steve Cavanaugh Limited
Partnership; Rolling Glen Ranch Corporation; Nitty Gritty Dirt, LLC; and RGR Homes, Inc.
shall be jointly and severally liable for this Judgment. Plaintiff FMB may have immediate

1   execution on this judgment against guarantors, now judgment debtors, Steven L. Cavanaugh;

2   Susan L. Cavanaugh; Nitty Gritty Dirt, LLC; and RGR Homes, Inc.

3       4. Defaults of all the named Defendants herein have all been properly entered, and no

4   other Defendant parties have appeared herein by answer, motion or otherwise.

5       5. The interest of each of the Defendants in the Mortgage Property, more particularly

6   described as follows:

7

8         Lots 20, 30, and 46 of Rolling Glen Ranch Subdivision as shown in Book 1 of
      Plats, page 965, Broadwater County, Montana

9

10   together with all existing or subsequently erected or affixed buildings, improvements and

11   fixtures; all easements, rights of way, and appurtenances; all water, water rights, watercourses

12   and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights,

13   royalties, and profits relating to the real property, including without limitation all minerals, oil,

14   gas, geothermal and similar matters ("Mortgage Property"), is hereby declared inferior to the

15

16   Mortgage held by Plaintiff recorded on April 28, 2006, in Book 93 at page 640, as Document

17   No. 153122 with the Broadwater County Clerk and Recorder ("Plaintiff's Mortgage"), and the

18   Plaintiff's Mortgage is hereby declared a first priority mortgage subject only to real property

19   taxes and assessments, and said Mortgage may be foreclosed through a Sheriff's Sale foreclosing

20   any and all right, title and interest of the Defendants in and to the Mortgage Property, and the

21   rights of all other persons as allowed by law, and all appurtenances, subject to any right of

22   redemption.

23

24       6. The principal balance of the monetary judgment herein shall also include Plaintiff's

25   reasonable attorney fees pursuant to the terms of the Promissory Notes and Mortgage and

26   pursuant to Mont. Code Ann. § 71-1-233. Within 14 days from the date of this Judgment,

JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE             Page 3

Plaintiff shall submit an appropriate affidavit outlining the costs and attorney fees being requested by the Plaintiff. Defendants will then have fourteen (14) days to object to the Plaintiff's claimed attorney fees and costs. If any of the Defendants object to the requested costs and attorney fees, the Court will set the matter for hearing. If none of the Defendants object to the Plaintiff's claimed costs and fees, then the Court will award reasonable costs and attorney fees based on the Plaintiff's affidavit and memorandum of costs and the Court's review of the same. Attorney fees and costs that are awarded will become part of the principal amount of this judgment and will likewise accrue interest at the rate of 18% per annum beginning from the date of this judgment, until paid.

## ORDER AND DECREE OF FORECLOSURE

7. The Court orders that the Mortgage held by the Plaintiff and recorded in Book 93 at page 640, as Document No. 153122 with the Broadwater County Clerk and Recorder, and encumbering the Mortgaged Property owned by the Defendant Steve Cavanaugh Limited Partnership:

> Lots 20, 30, and 46 of Rolling Glen Ranch Subdivision as shown in Book 1 of
> Plats, page 965, Broadwater County, Montana

together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties and profits relating the real property including, without limitation all minerals, oil, gas, geothermal and similar matters ("Mortgage Property"), is a first and prior lien on the Mortgage Property, superior to any lien, right, title, claim or interest of any of the Defendants, their successors or assigns, anybody occupying the Mortgage Property, or any and all other person or persons, save

and except for the right of redemption as allowed by law and real property taxes owing to Broadwater County.

8. It is further ordered that the Plaintiff's mortgage against the Mortgage Property described herein be ordered foreclosed pursuant to Montana law, and that the Sheriff of Broadwater County, Montana, or his authorized deputy or agent, is hereby ordered, as soon as reasonably possible, to properly notice and conduct a Sheriff's sale of the Mortgage Property at the Broadwater County Courthouse in Townsend, Montana, in conformity with this judgment but without further order. After the Sheriff provides appropriate notice as required by law, the Sheriff is hereby directed to sell the Mortgage Property, at public sale and said sale shall cause to foreclose all liens, claims and rights of the Defendants, their successors and assigns and any and all other persons who may have liens or rights against the Mortgage Property, including possession thereof, subsequent and/or inferior to the liens held by the Plaintiff, except real property taxes and the right of redemption, if any. At the foreclosure sale, Plaintiff may bid his judgment, or any portion thereof, in lieu of cash, but any and all other bids must be in cash or cash equivalent payable to the Sheriff at the conclusion of the bidding. Proceeds from the sale shall be applied first to the Sheriff's fees and other costs associated with noticing and conducting the foreclosure sales and then second to outstanding interest on the judgment that accrues from October 28, 2013, and lastly to the principal amount of the judgment as set forth above. The successful purchaser of the Mortgage Property shall receive from the Sheriff a Sheriff's Certificate of Sale. Because this is not any of the Defendants' residence or home, the purchaser at the Sheriff's Sale should be entitled immediate possession of the Mortgage Property during the statutory redemption period and to collect all rents and profits therefrom. Following expiration of the redemption period, the Sheriff will deliver to the purchaser, or the purchasers assign, a

JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE                                    Page 5

1   Sheriff's Deed, presuming no redemption has been made, and the recording of said Sheriff's

2   Deed shall cause the termination of all redemption rights in or to the Mortgage Property.

3       9. Interest on the purchase price for the purpose of calculating the redemption shall

4   accrue at 18% per annum.

5       10. In the event there are proceeds left from the sale after payment of the above

6   judgment, the remaining amount shall be paid to the Clerk of Court pursuant to Montana law. In

7   the event proceeds of the sale are insufficient to satisfy the judgment, Plaintiff may have a

8   deficiency judgment.

9

10                          **ORDER OF SALE**

11      11. The Sheriff of Broadwater County, Montana, or his authorized deputy or agent, is

12   hereby directed to immediately notice and sell the Mortgage Property, as required by law and the

13   terms and conditions described herein.

14      SO ORDERED this _16_ day of _April_____ , 2014.

15

16

17                              _JAMES P. REYNOLDS_
18                              Hon. James P. Reynolds
                                District Court Judge
19

20

21

22

23

24

25

26

JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE                    Page 6